```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-21824-Civ-HUCK
                                      (02-20787-Cr-HUCK)
                                      (01-1051-Cr-HUCK)
                              MAGISTRATE JUDGE P. A. WHITE
JAIME WILLIAM GUTIERREZ,    :

       Movant,              :

v.                          :     REPORT OF MAGISTRATE
                                    JUDGE ON MOTION
UNITED STATES OF AMERICA    :

       Respondent.          :
_____
```

This matter is before this Court on the movant's motion (Cr-DE#33), which the movant has recharacterized in accordance with the dictates of Castro v. United States, 540 U.S. 375, 382-83 (2003) and Outler v. United States, 485 F.3d 1273, 1279 (11th Cir. 2007), as a motion brought pursuant to 28 U.S.C. §2255. Although the movant has listed in the caption criminal case no. 02-20787-Cr-Huck as the conviction under attack in this §2255 proceeding, it appears after independent review of the motion that the movant means to attack the constitutionality of his conviction entered in case no. 01-1051-Cr-Huck. As will be discussed *infra*, the movant is entitled to no relief on either criminal conviction.

### Case No. 02-20787-Cr-Huck

Review of the on-line docket for case no. 02-20787 reveals that a joint motion to correct sentence (Cr-DE#29) was filed, which was granted by the district court by order entered March 9, 2005. (Cr-DE#31). In its order, the district court specifically vacated the plea and ensuing judgment entered in case no. 07-20787, and vacated the judgment entered in 01-1051, noting that a corrected judgment would be filed in that case. (Cr-DE#31). Thereafter, on March 22, 2005, the United States Attorney filed an order,

dismissing the indictment in case no. 07-20787. (Cr-DE#32).

Thus, it appears that the charges as to case no. 07-20787-Cr-Huck have been dismissed, and the ensuing judgment vacated. Thus, there is no current conviction as to that case number. Under these circumstances, to the extent this motion seeks to attack that criminal case, it should be dismissed.

### Case No. 01-1051-Cr-Huck

As to case no. 01-1051-Cr-Huck, review of the court's on-line docket reveals that the judgment of conviction in that case was affirmed by the court of appeals on January 23, 2006, in a written, but unpublished opinion. See United States v. Gutierrez, 163 Fed.Appx. 842 (11th Cir. 2006); (Cr-DE#186). Thus, for purposes of the federal one-year limitations period, the judgment of conviction in the underlying criminal case became final at the latest on April 24, 2006, when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the movant's convictions and sentences on direct appeal.[1]

At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than April 24, 2007. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed by the movant on February 8, 2008 (Cr-DE#33), over one year after his conviction became final. It is not timely.

---

[1] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

2

No order to show cause was issued as the conviction entered in case no. 01-1051-Cr-Huck because the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. §2255.

Courts may <u>sua sponte</u> consider the issue of the timeliness of a motion to vacate even when the statute of limitations is not pleaded as a defense by the respondent. <u>Day v. McDonough</u>, 547 U.S. 198, 199 (2006)(holding that District courts are permitted, but not obliged, to consider, <u>sua sponte</u>, the timeliness of a state prisoner's habeas petition, even after the pre-answer, initial screening stage of the habeas proceeding); <u>United States v. Terry</u>, 1997 WL 662477 (N.D.N.Y. 10/22/97) (addressing the issue of timeliness under AEDPA <u>sua sponte</u> although the government did not contend petition was time-barred); <u>Rivalta v. Artuz</u>, 1997 WL 401819 (S.D.N.Y. 7/16/97) (same); <u>Scire v. United States</u>, 1997 WL 138991 (E.D.N.Y. 3/24/97) (same).

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims could have been discovered through the

3

exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. U.S., 177 F.3d 1269, 1270 (11 Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond his control.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion.

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year from the time his conviction became final. The time-bar is ultimately the result of the movant's failure to properly and

4

timely prosecute this federal habeas corpus petition. Consequently, this motion to vacate is not timely as to case no. 01-1051-Cr-Huck.

### Bivens Claim

Finally, construing the movant's arguments liberally as afforded *pro se* petitioners pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to challenge the conditions of confinement, asserting that he was denied all basic rights for a three-week period during his confinement in Georgia, which included the denial of a daily shower or access to a phone. (Cr-DE#33:27). This claim, however, is not cognizable in this collateral proceeding, and should be filed as a civil rights action pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

### Conclusion

For the foregoing reasons, it is recommended as follows: (1) to the extent the movant seeks to attack the validity of case no. 07-20787-Cr-Huck, the case should be dismissed as that conviction has been vacated and is a nullity; and, (2) to the extent the movant means to attack the conviction entered in case no. 01-1051-Cr-Huck, this motion should be dismissed as time-barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 12th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jaime William Gutierrez, <u>Pro Se</u>
      Reg. No. 67943-004
      555 Cornell Drive, Unit A5
      Philipsburg, PA 16866

      Alejandro Soto, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132